| | |
|---|---|
| F.V. AND M.V. O/B/O B.V.<br><br>          Plaintiff,<br><br>V.<br><br>CHERRY HILL TOWNSHIP BOARD OF EDUCATION<br><br>          Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.: 1:21-CV-18096-NLH-SAK |

---

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT TWO OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(C)**

---

METHFESSEL & WERBEL, ESQS.
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
harrison@methwerb.com
Attorneys for Cherry Hill
Township Board of Education
Our File No.  89347 ELH

Of Counsel and on the Brief:  Eric L. Harrison, Esq.
Attorney Bar ID: 033381993

On the Brief:  Jillian T. Clark, Esq.
Attorney Bar ID: 334552021

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . 8

   I. FEDERAL RULE OF CIVIL PROCEDURE 12(C) REQUIRES
     DISMISSAL OF COUNT TWO FOR FAILURE TO STATE A CLAIM  8

 II. COUNT TWO OF THE FIRST AMENDED VERIFIED COMPLAINT
     FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE
     GRANTED AND THEREFORE MUST BE DISMISSED . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . 18

**TABLE OF AUTHORITIES**

**Cases**                                                    **Page(s)**

2021 Final Decision ................................ 3, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................... 9

*Barroso v. Lidestri Foods, Inc.*,
   937 F. Supp. 2d 620 (D.N.J. 2013) .................... 17

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .............................. 9, 14

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ........................ 12

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) ......................... 9

*J.T. v. Dumont Pub. Schs.*,
   438 N.J. Super. 241 (N.J. App. Div. 2014) ........ 13, 14

*Jamison v. Rockaway Township Bd. of Educ.*,
   242 N.J. Super. 436 (App. Div. 1990) ................ 16

*L.W. ex rel. L.G. v. Toms River Reg'l Sch. Bd. of Educ.*,
   189 N.J. 381 (N.J. 2007) ............................ 13

*Leeds v. Meltz*,
   85 F.3d 51 (2d Cir. 1996) ........................... 12

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ......................... 11

*Nami v. Faulver*,
   82 F.3d 63 (3d Cir. 1996) ............................ 8

*NJLAD See D.V. v. Pennsauken Sch. Dist.*,
   247 F. Supp. 3d 464 (D.N.J. 2017) ................. 16-17

*Romano v. Brown Williamson Tobacco Corp.*,
   284 N.J. Super. 543 (App. Div. 1995) ................ 16

*Turbe v. Gov't of V.I.*,
   938 F.2d 427 (3d Cir. 1991) .......................... 8

*Young v. Hobart West Group*,
   385 N.J. Super. 448, (App. Div. 2005) ............... 17

**Statutes**

N.J.S.A. 10:5-5 ....................................... 13

N.J.S.A. 10:5-12 ................................... 15, 16

N.J.S.A. § 10:5-4 ..................................... 13

§ 1357 ............................................... 12

**Rules**

Fed. R. Civ. P. 12 ................... 1, 1, 4, 5, 2, 8, 18

Rule 12 ......................................... 8, 9, 10

## PRELIMINARY STATEMENT

Plaintiffs F.V. & M.V., the parents of seven-year-old B.V., filed a two count Complaint against the Cherry Hill Township Board of Education, which operates the Cherry Hill Township School District. Count One appeals from the Final Decision of a local hearing officer, Hon. Jacob S. Gertsman, A.L.J., under the Individuals with Disabilities of Education Act ("IDEA"). Count Two seeks damages and other relief under the New Jersey Law Against Discrimination ("NJLAD"). The Board hereby moves to dismiss Count Two on the basis that even when read indulgently, it fails to state a claim upon which relief can be granted.

B.V. is a student of Cherry Hill schools who is eligible for special education and related services. At a March 30, 2020 Eligibility Determination and Annual Review Meeting, the District proposed an Individualized Education Plan ("IEP") for B.V.'s kindergarten year, the 2020-2021 school year, that would have placed her in a self-contained classroom. Plaintiffs did not agree with this proposed placement and filed a request for due process that was transmitted to the New Jersey Office of Administrative Law ("OAL") for a hearing.

Following unsuccessful efforts to settle the case, the District nevertheless provided B.V. with the general

1

education placement that her parents had requested. Specifically, B.V. was placed in a general education kindergarten classroom with a one-on-one aide as the petition had requested.

Notwithstanding the Administrative Law Judge's initial declination to grant summary decision based on mootness, following a hearing the ALJ issued a Final Decision in favor of the District on the basis that the claims were rendered moot by the District's voluntary provision of the relief requested in the petition. This appeal followed.

The "First Amended Verified Complaint" filed on September 24, 2021 appeals from the ALJ's Final Decision under the IDEA at Count One and attempts to assert discrimination and retaliation claims under the NJLAD at Count Two. As this pleading fails to recite any facts sufficient to support the two attempted NJLAD claims, the District hereby moves to dismiss Count Two for failure to state a claim under Fed. R. Civ. P. 12(c).

## STATEMENT OF FACTS

1.   Plaintiffs are the parents of B.V., currently a seven-year-old student in the District operated by the BOE. (**Exhibit A**, First Amended Complaint, at ¶1 and ¶4)

2.   B.V. has an IEP which indicates she is eligible for special education and related services pursuant to the IDEA because she suffers from numerous disabilities. (**Exhibit A,** at ¶2)

3.   On March 30, 2020, the parties convened a virtual Eligibility Determination and IEP Annual Review Meeting to review B.V.'s recent evaluations in order determine B.V.'s upcoming eligibility and to develop her IEP for the 2020-2021 kindergarten school year. (**Exhibit B**, June 17, 2021 Final Decision, at p. 6)

4.   The final IEP identified a self-contained classroom as the proposed location for B.V.'s kindergarten special education program; however Plaintiffs wanted B.V. to be in an inclusion setting with a 1:1 aide. (**Exhibit B**, at p. 6)

5.   Plaintiffs filed a request for due process under the IDEA in Spring 2020 concerning the parents' disagreement over the classroom setting proposed by

3

the District for B.V.'s 2020-2021 kindergarten school year. (**Exhibit B**, at p. 1)

6.    On July 9, 2020, the matter was transmitted to the OAL and on that same day, Petitioners filed an emergent relief petition which sought an order enforcing B.V.'s "stay put" rights to continued services as described in the last agreed-upon IEP of Spring 2019. (**Exhibit B**, at p. 2)

7.    On July 16, 2020, the OAL issued a "Final Decision on Emergent Relief" compelling the District to provide the "stay put" services described in the prior IEP. (**Exhibit A,** at p. 1)

8.    Ultimately, the District voluntarily satisfied the Petitioners' demand to place B.V. in a general education setting with a 1:1 aide and expressed its willingness to change B.V.'s placement. (**Exhibit B**, at p. 7)

9.    On September 10, 2020, the District placed B.V. in a general education kindergarten class with a 1:1 aide, the precise relief that the initial petition had requested; however F.V. claimed that there was no remote interaction between B.V. and the classroom aide. (**Exhibit B,** at p. 10-11)

10.    On October 21, 2020, the ALJ granted Petitioners'
motion to file an amended petition which demanded
services based on B.V.'s "stay put" 2019-2020 IEP and
makeup sessions for any services that the District
failed to provide as required by the stay-put IEP.
(**Exhibit B,** at p. 3)

11.    On November 4, 2020, the District filed a motion to
dismiss Plaintiffs' amended petition on the basis of
mootness because it had voluntarily provided all of
the relief demanded in both petitions. (**Exhibit B,** at
p. 4)

12.    Plaintiffs opposed the motion and submitted a cross
motion requesting enforcement of what they contended
was a binding settlement agreement. (**Exhibit B,** at p.
4)

13.    At the first day of hearings on December 11, 2020,
the ALJ, the Honorable Jacob S. Gertsman, denied the
Plaintiff's motion to enforce the settlement and
deferred decision on the Board's motion to dismiss,
which the ALJ ultimately denied on January 4, 2021.
(**Exhibit B,** at p. 4 and 7)

14.    In addition to December 11, 2020, additional
hearing dates took place on January 4, 2021, February

8, 2021 and via telephone on February 12, 2021. (**Exhibit B**, at p. 4)

15.    The record thereafter closed on June 11, 2021. (**Exhibit B,** at p. 5)

16.    On June 17, 2021, ALJ Gertsman released his Initial Decision concluding that "the District has provided petitioners with the relief sought in both the petition and the amended petition." (**Exhibit B**, at p. 17)

17.    ALJ Gertsman also concluded that "a controversy no longer exists, meaning this case has become moot." (Ibid.)

18.    ALJ Gertsman ordered "that the petition should be and hereby is denied." (Ibid.)

19.    Plaintiffs thereafter filed a Verified Complaint in New Jersey Superior Court on September 15, 2021 and a First Amended Verified Complaint in New Jersey Superior Court on September 24, 2021 appealing from Judge Gertsman's decision pursuant to the IDEA (Count One) and seeking relief under the NJLAD (Count Two). (**Exhibit A**)

20.    The District removed the case to United States District Court on October 5, 2021 (Document No. 1) and filed an Answer on October 11, 2021. (Document No. 2)

21.     Count Two of the First Amended Verified Complaint alleges that the District violated B.V.'s rights under the NJLAD "by refusing, withholding from or denying B.V., either directly or indirectly, on account of [his] disability or perceived disability, access to any accommodations, advantages, facilities or privileges of a place of public accommodation" and by discriminating against B.V. "in the price, eligibility, criteria, methods of administration, standards, terms, or conditions upon which access to such accommodations, advantages, facilities or privileges may depend." The Complaint recites no facts in support of these allegations. (**Exhibit A**, at pp. 2-3)

22.     The First Amended Verified Complaint further alleges that "the Vs engaged in a protected activity and suffered an adverse action at the hands of the BOE in the pursuit of her education and the adverse harm suffered by the V.s was, at minimum, causally linked, to the BOE's actions or omissions." No facts are recited in support of these allegations. (**Exhibit B**, at p. 3)

**LEGAL ARGUMENT**

**POINT ONE**

**FEDERAL RULE OF CIVIL PROCEDURE 12(C) REQUIRES DISMISSAL OF COUNT TWO FOR FAILURE TO STATE A CLAIM**

Count Two of Plaintiffs' Complaint should be dismissed pursuant to Rule 12(c), which expressly permits a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) states "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Id. Since the District already filed an Answer on October 11, 2021 and the pleadings are closed, Rule 12(c) applies.

The Third Circuit Court of Appeals has made clear that the Rule 12(b)(6) standard applies to a motion filed pursuant to Rule 12(c). Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Faulver, 82 F.3d 63, 65 (3d Cir. 1996) (citations omitted). Nevertheless, in evaluating a plaintiff's pleadings, the court need not credit a complaint's "bald

8

assertions" or "legal conclusions." <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429 (3d Cir. 1997).

The well-known "Iqbal/Twombly" standard enunciated by the U.S. Supreme Court provides as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). <u>See also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 (2007).

A pleading that offers only "labels and conclusions," contains "a formulaic recitation of the elements of a cause of action," or "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient to overcome a <u>Rule</u> 12(b)(6) motion since it does not allow the court to reasonably infer the defendant is liable for the alleged misconduct. <u>Ashcroft</u>, 556 U.S. at 678 (alteration in original) (citations omitted). Therefore, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not meet the "facial plausibility" requirement and are not entitled to the assumption of truth. <u>Id.</u> at 678-79.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ibid. The Third Circuit has outlined a three step approach for evaluating whether a complaint satisfies the plausibility standard:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

While the Court must accept as true all of the factual allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Ibid. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausiblem and the complaint must be dismissed if the allegations pled would not plausibly suggest entitlement to relief. Id. at 679; Twombly, 550 U.S. at 561.

Such is the case here. Even if one accepts as true every fact asserted in the Complaint at Count Two, it fails to state a claim upon which relief can be granted.

<u>**POINT TWO**</u>

**COUNT TWO OF THE FIRST AMENDED VERIFIED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND THEREFORE MUST BE DISMISSED.**

> **A. Plaintiffs' Attempted Discrimination Claim Under The New Jersey Law Against Discrimination Fails to State A Cognizable Claim.**

At Count Two of the Amended Complaint, Plaintiffs allege that the District violated B.V.'s rights under the NJLAD "by refusing, withholding from or denying B.V., either directly or indirectly, on account of [his] disability or perceived disability, access to any accommodations, advantages, facilities or privileges of a place of public accommodation." Plaintiffs also allege that in violation of N.J.A.C. 13:13-4.3(a), the District discriminated against B.V. on account of his disability "in the price, eligibility, criteria, methods of administration, standards, terms, or conditions upon which access to such accommodations, advantages, facilities or privileges may depend."

Without facts to support them, both contentions fail to state a claim for relief under the NJLAD because they are precisely the form of unsupported sweeping legal conclusion that federal law prohibits. <u>See Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 n.8 (3d Cir. 1997); <u>see also</u> Charles Alan Wright & Arthur R. Miller, *Federal*

11

*Practice and Procedure* § 1357 (2d ed. 1997) (noting that courts, when examining 12(b)(6) motions, have rejected "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations"); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)(affirming dismissal of § 1983 action and noting that "while the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

The NJLAD provides that:

> All persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, publicly assisted housing accommodation, and other real property without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex, gender identity or expression or source of lawful income used for rental or mortgage payments, subject only to conditions and limitations applicable alike to all persons. This opportunity is recognized as and declared to be a civil right.

12

N.J.S.A. § 10:5-4.

The District does not dispute that B.V. is a person with a disability as recognized by N.J.S.A. 10:5-5(q) and is therefore afforded the protections of the NJLAD. The District also does not dispute that the protections of the NJLAD apply to public school students. N.J.S.A. 10:5-5; see also L.W. ex rel. L.G. v. Toms River Reg'l Sch. Bd. of Educ., 189 N.J. 381, 405 (N.J. 2007) (finding that the LAD "applies universally to 'places of public accommodation,' a defined term that includes schools regardless of their source of funding").

To establish a prima facie case under the LAD, however, a plaintiff must show that she "(1) had a disability; (2) was otherwise qualified to participate in the activity or program at issue; and (3) was denied the benefits of the program or otherwise discriminated against because of his or her disability." J.T. v. Dumont Pub. Schs., 438 N.J. Super. 241, 248 (N.J. App. Div. 2014). In addition, "for purposes of establishing a *prima facie* case of disability discrimination under the NJLAD where the facts concern the provision of special education and related services, the program or benefit measured under the

13

third element is the provision of a free, appropriate public education as required by the IDEA Id. at 268.

Plaintiffs have not pled sufficient facts to support their NJLAD claim, beyond stating that B.V. is a disabled person within the meaning of the statute, which satisfies only the first prong of the prima facie case. The Complaint lacks any factual support to suggest that B.V. was somehow denied the benefits of the District's programs or otherwise discriminated against because of a disability. In fact, the Final Decision from which the Plaintiffs appeal under the IDEA expressly indicates that B.V. received precisely the benefits that the Plaintiffs sought for her – placement in a general education classroom with an aide for her kindergarten year.

Withstanding a motion to dismiss "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . . [Instead,] [f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citation omitted).

While a finding as to whether the Defendant discriminated against Plaintiff B.V. in violation of the LAD does not require a determination that the Defendant violated the IDEA, under the Iqbal/Twombly standard the

14

Plaintiffs must plead sufficient facts to assert a disability-based discrimination claim under the NJLAD. The Complaint fails to describe any allegedly discriminatory action taken by the District against B.V., whether through denial of a free, appropriate public education or otherwise.

Accordingly, the attempted claim of disability discrimination at Count Two must be dismissed for failure to state a claim upon which relief can be granted.

**B. Plaintiffs' Attempted Retaliation Claim Under The NJLAD Also Fails to State a Cognizable Claim.**

Paragraph 23 of Count Two asserts that the District retaliated against the Plaintiffs in violation of the NJLAD:

> The Vs engaged in a protected activity and suffered an adverse action at the hands of the BOE in the pursuit of her education and the adverse hardship suffered by the Vs was, at a minimum, causally linked, to the BOE's actions or omissions. N.J.S.A. 10:5-12(d) and (e)"

> (Exhibit A at p. ¶23)

Even when read indulgently, the Complaint fails to identify a NJLAD-protected activity or an adverse action. The Final Decision from which the Plaintiffs appeal demonstrates that B.V. received the precise educational program that the Plaintiffs demanded on her behalf.

15

The anti-retaliation provision of the NJLAD provides that:

> It shall be an unlawful . . . discrimination for any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act or because that person has sought legal advice regarding rights under this act, shared relevant information with legal counsel, shared information with a governmental entity, or filed a complaint, testified or assisted in any proceeding under this act or to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of, or on account of that person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

> N.J.S.A. 10:5-12.

To establish a cause of action for retaliation under the LAD, the plaintiff must demonstrate: "(1) that he or she engaged in protected activity known to the defendant; (2) that he or she was thereafter subjected to an adverse employment decision; and (3) that there was a causal link between the two." Romano v. Brown Williamson Tobacco Corp., 284 N.J. Super. 543, 548-549 (App. Div. 1995); Jamison v. Rockaway Township Bd. of Educ., 242 N.J. Super. 436, 445 (App. Div. 1990).

The Complaint in this case does not recite facts sufficient to support a claim of retaliation under the NJLAD See D.V. v. Pennsauken Sch. Dist., 247 F. Supp. 3d 464, 476 (D.N.J. 2017)(finding that the NJLAD retaliation

claim failed because there were no facts to support a causal link between Plaintiffs advocating for their child and the Pennsauken School District's decision to call DYFS). See also Young v. Hobart West Group, 385 N.J. Super. 448, 466-67, (App. Div. 2005); Barroso v. Lidestri Foods, Inc., 937 F. Supp. 2d 620, 630 (D.N.J. 2013)(evidence of causation between adverse action and protected activity are required to sustain a claim of NJLAD retaliation).

Accepting as true all allegations at Paragraph 23 of the Complaint, Count Two still does not identify any protected activity in which Plaintiffs engaged or any adverse action suffered "at the hands of the BOE" as a result of such activity. Providing Plaintiffs with the only reasonable inference available – that the filing of the May 8, 2020 petition and/or the July 9, 2020 amended petition was the protected activity in which they engaged, Count Two still fails to identify an adverse action that they suffered in retaliation for filing such petitions beyond the District giving them precisely what they asked for and then obtaining a ruling of mootness from an ALJ on account of the District having done so.

As the Amended Complaint fails to articulate any facts which if proven true would support a claim of retaliation

under the NJLAD, the attempted retaliation claim at Count Two must be dismissed.

## CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 12(c), the Cherry Hill Township Board of Education requests that the Court dismiss Count Two of the Plaintiffs' First Amended Verified Complaint for failure to state a claim upon which relief can be granted.

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Cherry Hill
Township Board of Education

By:_____
        Eric L. Harrison

DATED: November 24, 2021