Jamie Epstein, Esq. - Bar ID. 008081990
17 Fleetwood Drive, Hamilton, New Jersey 08690
1818 Cuthbert Rd, Auite 310, Cherry Hill, NJ. 08034
Telephone:856.979.9925, EMAIL: JE@JamieEpsteinLaw.com
Attorney for Plaintiffs

| | |
|---|---|
| F.V. & M.V., individually and on behalf of B.V.[1], Plaintiffs, v. CHERRY HILL TOWNSHIP BOARD OF EDUCATION Defendants | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE DOCKET NO. 1:21-CV-18096-KMW-SAK MOTION TO AMEND |

INTRODUCTION

On 4/6/22 at 317pm, counsel for Plaintiffs sent counsel for Defendants a copy of the 4/6/22 State of New Jersey Final Order and wrote, "Would the BOE consent to amend the pending civil complaint appeal and add the appeal of this decision?" On 4/6/22 at 453 pm, counsel for Defendants replied, "No sir."

FACTS & PROCEEDINGS

B.V is a disabled minor who was entitled to receive a free and appropriate public education (FAPE) in the Least Restrictive Environment (LRE) from the BOE under the IDEA.

---

[1] The V.s are using fictitious initials to protect the plaintiff/student's right to confidentiality of the plaintiff/student's records under state and federal law which are the subject of civil action. The *Federal Family Educational Rights and Privacy Act of 1974* (FERPA), 20 U.S.C.S. § 1232g, *New Jersey Pupil Records Act*, N.J.S.A. § 18A:36-19, *L.R. v. Camden City Pub. Sch. Dist.*, 452 N.J. Super. 56, 86 (NJAD 2017) ("to safeguard the reasonable privacy interests of parents and students against the opposing interests of third parties who may seek access to their student records ")

1

BV1

On 5/9/20, the V.s filed an administrative complaint (hereinafter referred to as BV1) with the State of New Jersey against the BOE for their failure to offer B.V. a FAPE in the LRE for the 2020-21 school year, in part, including, but not limited to, unnecessarily segregating B.V. away from her non-disabled peers. The V.s complaint was assigned case number EDS 06354-20. On 7/9/20, the V.s filed a Request for Emergency Relief claiming the BOE failed to comply with B.V.'s stay-put IEP that called for speech twice a week during the extended school year period. On 7/16/20, the State of New Jersey issued a Final Order on the Request for Emergency Relief in the Vs favor. (Pa1-6) On 6/17/21, the State of New Jersey issued a Final Order on the 5/9/20 Petition dismissing the Vs claims incorrectly finding Defendants provided BV a free and appropriate education in the least restrictive environment. (Pa6-25)

BV2

On 1/12/21, the Vs filed an administrative complaint (hereinafter referred to as BV2) with the State of New Jersey against the BOE for their failure to offer B.V. a FAPE in the LRE for the 2018-19, 2019-20 school years and 2020-21 school year, in part, including, but not limited to, unnecessarily segregating B.V. away from her non-disabled peers. The BV2 administrative action was assigned case number EDS 01556-21. On 5/13/21, the State of New Jersey issued a Final Order, in part, dismissing claims as to the 2018-19 and 2019-20 school years. (Pa26-30) On 4/6/22, the State of New

Jersey issued a Final Order, dismissing the Vs remaining claims incorrectly finding Defendants provided BV a free and appropriate education in the least restrictive environment.. (Pa31-44) Plaintiffs have 90 days to appeal the 4/6/22 Final Order[2].

BV1 CIVIL ACTION & APPEAL

On 9/15/21, Plaintiffs filed a civil action and appeal in Superior Court under case number CAM-L-2823-21. On 10/5/21, Defendants filed a Notice of Removal [1] from Camden County Superior Court, case number CAM-L-2823-21. On 10/11/21, Defendants filed their Answer [3]. On 11/24/21, Defendants filed a Motion to Dismiss Count 2 [9]. On 12/21/21, Plaintiffs filed the Administrative Record [11]. On 1/5/22, the initial pre-trial conference was held. On 1/19/22, the Scheduling Order was filed [14]. The civil action has since remained inactive. The proposed SAC is attached to the within Motion.

ARGUMENT

1. RULE 15(a)(2)

Pursuant to *Rule* 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

---

2. 20 *USC* §1415(i)(2)

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Delay alone, however, does not justify denying a motion to amend. *See Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). Rather, it is only where delay becomes "'undue,' placing an unwarranted burden on the court, or . . . 'prejudicial,' placing an unfair burden on the opposing party" that denial of a motion to amend is appropriate. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under *Rule* 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to

the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

## 2. PLAINTIFFS' SAC SATISFIES RULE 15(a)(2) BECAUSE BV1 AND BV2 ARE INTERTWINED.

There is no basis to deny the motion to amend because there is no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182 The final order in BV2 was filed on 4/6/22 – a few weeks ago. IDEA allows a party aggrieved by a Final Administrative Order ninety days to appeal. 20 *U.S.C.* §1415(i)(2)  BV2 is a a continuation of BV1. It is between the same parties. BV2 continues the 2020-21 school year time-frame of the denial of a FAPE in the LRE claims of BV1.  BV2 also adds the same claims for the 2018-19 and 2019-20 school years. BV1 and BV2. Defendants cannot claim to be unduly prejudiced in any way and furthermore this pending civil action is only in its infancy.  *Adams at* 868; *Bechtel at* 652   The SAC is not futile because the Vs exercising their right to appeal is neither "frivolous or advances a claim that is legally insufficient on its face." *Harrison Beverage Co at* 468.

In effect, this motion to amend seeks to consolidate the two appeals into one single appeal. It should be noted that BV2 was filed while BV1 was proceeding and

5

BV1 concluded while BV2 was proceeding. Furthermore, the ALJ in BV1 was the same ALJ in BV2 until he recused in the middle of the BV2 trial when his BV1 decision was filed. The ALJ's BV1 decision made a finding that FV was not credible and the ALJ granted Plaintiffs' recusal motion because he may be bias against FV when FV testified again in BV2.  Thereafter, ALJ Crowley took over BV2. Additionally, the testimonial and exhibit evidence in BV1 and BV2 was to a great extent the same. Furthermore, under the BV2 appeal is the Order dismissing claims that the ALJ ruled were waived because those claims should have been raised in BV1.

The purpose of the motion to amend is in furtherance of one judge deciding the same issues between the same parties over the same time-frame to avoid a different result if the BV1 is decided by one Judge and BV2 by another Judge. *USCS Fed Rules App Proc R 3* (2) ("When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals." see also, Committee Notes, "The second sentence is added to encourage consolidation of appeals whenever feasible.") Additionally, for the Vs to have to proceed in two concurrent appeals would be both burdensome and costly.  The same burdens are on Defendants who are a public entity and the granting of the Plaintiffs' motion would also benefit Defendants. *Chem One, Ltd. v. M/V Rickmers Genoa*, 660 F.3d 626, 642 (2d Cir. 2011) (citing *Devlin v. Transp. Commc'ns Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999)  "When the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by"

this Court. *Fed. R. App. P.* 3(b)(2). We have explained that, "[i]n assessing whether consolidation is appropriate in given circumstances," a court "should consider both equity and judicial economy." However, "efficiency cannot be permitted to prevail at the expense of justice — consolidation should be considered when savings of expense and gains of efficiency can be accomplished without sacrifice of justice.")

The appeal of BV1 and BV2 with the overlapping evidence and factual and legal issues serves no purpose by being decided in two separate duplicative civil action appeals. Here, where this Court can adjudicate both cases together without burdening the parties with unnecessary delay and expense, whereas here, the parties are a taxpayer funded public education entity and a public education handicapped student and her family, it should do so. If this motion is denied it can potentially double the taxpayers' burden to payment of Plaintiffs' *IDEA* 20 *USC* §1415(i)(2)(C)(3) and *NJLAD N.J.S.A.* § 10:5-27.1 prevailing attorney's fees and defense counsel attorney's fees[3]. Granting the motion to amend is also in furtherance of liberally contruing the remedial purpose of the legislative intent of the IDEA to provide special education students like BV a free and appropriate public education. 20 *USC* §1400 Here, by granting the within motion to amend, both justice and efficiency will be served.

---

3. On 4/6/22 at 317pm, counsel for Plaintiffs sent counsel for Defendants a copy of the 4/6/22 State of New Jersey Final Order and wrote, "Would the BOE consent to amend the pending civil complaint appeal and add the appeal of this decision?" On 4/6/22 at 453 pm, counsel for Defendants replied, "No sir." *infra.* p.1

## CONCLUSION

For the above stated reasons, Plaintiffs respectfully request their motion to amend be GRANTED.

Respectfully submitted,

JAMIE EPSTEIN, ESQ.
Attorney for Plaintiffs