

**METHFESSEL & WERBEL**
*A Professional Corporation*

JOEL N. WERBEL>
JOHN METHFESSEL, JR.>
FREDRIC PAUL GALLIN*+^
WILLIAM S. BLOOM>*
ERIC L. HARRISON*+
MATTHEW A. WERBEL>
LORI BROWN STERNBACK*+
I. BLAKELEY JOHNSTONE,III+*
GINA M. STANZIALE>
PAUL J. ENDLER JR.>
JAMES P. CULLEN, JR.=^

Of Counsel
MARC DEMBLING*+
STEPHEN R. KATZMAN#
ED THORNTON>

Retired
JOHN METHFESSEL, SR.>
(1935-2017)
DON CROWLEY*+

Counsel
ADAM M. CARMAN+^
SARAH K. DELAHANT+
SHAJI M. EAPEN+
JAMES FOXEN^
ANGELA M. GURRERA>
GERALD KAPLAN>
JARED P. KINGSLEY*+
JOHN R. KNODEL*+
LESLIE A. KOCH=
CHARLES T. MCCOOK, JR.*>
MARC G. MUCCIOLO>
RICHARD A. NELKE~
STEVEN K. PARNESS+
RAINA M. PITTS^
AMANDA J. SAWYER^
JARED S. SCHURE>

Associates
JILLIAN T. CLARK>
EDWARD D. DEMBLING>
MICHAEL R. EATROFF>
FRANK J. KEENAN+^
SCOTT KETTERER>

Associates, Cont'd
ALLISON M. KOENKE>
OLIVIA R. LICATA+
KYLE A. LIVINGSTONE+
ASHLEY E. MALANDRE^
ANTHONY J. MANCUSO>
CHRISTEN E. MCCULLOUGH^
KAJAL J. PATEL+
SARAH E. SHEPP+
TIFFANY D. TAGARELLI>
STEVEN A. UNTERBURGER+
LEVI E. UPDYKE+^

* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
>Member of NJ Bar only
#Member of NJ & LA. Bar
<Member of NJ & DC Bar
≥Member of NJ, PA & DC Bar
~Member of NY, NJ & DC Bar
=Member of NY, NJ & MA Bar

**Please reply to New Jersey**

May 10, 2022

VIA E-FILING
Honorable Sharon A. King, U.S.M.J.
United States District Court
District of New Jersey Camden
Mitchell H. Cohen Federal Courthouse
P.O. Box 2736
1 John F. Gerry Plz., Fourth & Cooper Streets
Camden, NJ 08101

    RE:    **F.V. AND M.V. O/B/O B.V. VS. CHERRY HILL BOE**
           Our File No.         : 89347 ELH
           Civil Action No.   : 1:21-CV-18096-KMW-SAK

Dear Judge King:

Please accept this correspondence in lieu of a more formal brief in opposition to Plaintiffs' motion for leave to file an Amended Complaint.

This case involves an IDEA appeal from a Final Decision of a local hearing officer (an Administrative Law Judge) dismissing a due process petition filed in 2020 based on a determination that the Plaintiffs' claims were moot because the Cherry Hill School District provided the Plaintiffs with the relief sought in the petition. (See Documents 1-1, 1-2; Plaintiff's Exhibits at Pa7-23) Count Two of the First Amended Complaint asserts a claim for damages and attorney fees under New Jersey Law Against Discrimination. (Document 1-2, pp. 3-4)

Methfessel & Werbel, Esqs.
Our File No. 89347 ELH
Page 2

On November 24, 2021, the Cherry Hill School District filed a motion to dismiss Count Two on the basis that it fails to state a claim on which relief can be granted. (Document 9) Plaintiffs did not oppose this motion, which is pending before Judge Williams.

Plaintiffs' proposed Second Amended Complaint seeks to add a new IDEA appeal from two Final Decisions in a subsequent due process hearing involving Plaintiffs' claims that the Cherry Hill School District deprived B.V. of a free, appropriate public education in the least restrictive environment appropriate to her needs during the 2018-2019, 2019-2020 and 2020-2021 school years. ALJ Gertsman dismissed all claims relating to the 2018-2019 and 2019-2020 school years as barred by New Jersey's entire controversy doctrine. (Plaintiff's Exhibits at Pa26-30) Thereafter, following a full hearing, ALJ Crowley dismissed the remaining claims based on findings that the District had provided B.V. with a free, appropriate public education in the least restrictive environment appropriate to her needs during the 2020-2021 school year and that the District had agreed to Plaintiffs' demands to fund independent educational evaluations prior to the filing of the petition. (Plaintiffs' Exhibits at Pa31-42)

The Final Decision from which Plaintiffs appealed in their original Complaint and First Amended Complaint referred to an administrative record with exhibits designated P-1 through P-13 and R-1 through R-11. (Plaintiffs' Exhibits at Pa24-25)

The subsequent Final Decision from which Plaintiffs now seek to appeal by amending the Complaint filed in this action referred to an administrative record with exhibits designated P-7, P-8, P-9, P-10, P-13, P-14, R-5 through R-9, R-80, R-85, R-85(a),

R-88, R-89, R-95 through R-105, R-107(a) and R-107(b). (Plaintiffs' Exhibits at Pa43-44) A comparison of the descriptions of the administrative exhibits demonstrates that a few of Plaintiffs' exhibits were entered into evidence in both cases bearing different exhibit numbers, and that the documents designated Exhibits R-5 through R-9 in the subsequent due process hearing were different from the documents so designated in the prior due process hearing. (Plaintiffs' Exhibits at Pa24-25, 43-44)

Plaintiffs' Motion for Leave to file a Second Amended Complaint should be denied for two reasons:

(i) It would lead to unnecessary confusion in the adjudication of Plaintiffs' separate and distinct IDEA appeals, resulting in undue delay and prejudice to the efficient administration of justice in both appeals; and

(ii) For the reasons cited in Defendant's unopposed motion to dismiss the Second Count of the pending First Amended Complaint (Document 9), the NJLAD claim asserted at the Second Count of the proposed Second Amended Complaint – which is identical to that of the pending First Amended Complaint (Compare Document 1-2 at pp. 3-4 with Plaintiffs' proposed Second Amended Complaint at pp. 4-6) - would be futile.

Motions to amend a complaint should be denied when their proposed amendments would be futile. See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Foman v. Davis, 371 U.S. 178, 182 (1962); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment is futile where "the complaint,

as amended, would fail to state a claim upon which relief could be granted." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000).

The Second Count of the proposed Second Amended Complaint is identical to the Second Count of the First Amended Complaint, which the Defendant has moved to dismiss and whose dismissal the Plaintiffs have not opposed.

Where a complaint contains conclusory allegations, it is subject to dismissal. <u>Abbott v. Latshaw</u>, 164 F.3d 141, 148 (3d Cir. 1998). The standard for assessing futility of amendment under Fed. R. Civ. P. 15(a) is the same standard of legal sufficiency applicable under Fed. R. Civ. P. 12(b)(6). *See* <u>Shane</u>, supra 213 F.3d at 115.

That standard, previously applied in Defendant's pending and unopposed motion to dismiss the Second Count of the First Amended Complaint, compels dismissal of that count and denial of the instant motion for leave to amend. Should Plaintiffs wish to appeal from the Final Decisions entered in the subsequent due process proceedings, they should be required to file a new Complaint. Accordingly, we request that the Court deny Plaintiffs' motion for leave to file a Second Amended Complaint.

Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison
harrison@methwerb.com
Ext. 138

ELH:as/pk

Methfessel & Werbel, Esqs.
Our File No. 89347 ELH
Page 5

cc:     VIA EMAIL: JE@JamieEpsteinLaw.com
Jamie Epstein, Esq.
17 Fleetwood Drive
Hamilton, NJ 08690