| | |
|---|---|
| F.V. AND M.V. O/B/O B.V.<br><br>　　　　Petitioner,<br><br>V.<br><br>CHERRY HILL TOWNSHIP BOARD OF EDUCATION<br><br>　　　　Respondent. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.: 1:21-CV-18096-NLH-SAK<br><br>Civil Action |

### DEFENDANT'S BRIEF IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

**METHFESSEL & WERBEL, ESQS.**
2025 Lincoln Highway, Suite 200
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
1(732) 248-2355
harrison@methwerb.com
Attorneys for Cherry Hill Township Board of Education
Our File No.  89347 ELH

Of Counsel and on the Brief:

　　Eric Harrison, Esq.

On the Brief:

　　Jillian T. Clark, Esq.

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Procedural History

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Legal Argument

     I.     ALJ GERTSMAN'S RULING WAS CORRECT AND SHOULD BE UPHELD UNDER THE APPLICABLE "MODIFIED DE NOVO" STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     II.     THE ADMINISTRATIVE RECORD DEMONSTRATES THAT ALJ GERTSMAN'S RULING WAS CORRECT THAT THE ISSUES TO BE RESOLVED WERE THE ONES SOLELY IN THE PETITION AND AMENDED PETITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

     III.     THE ADMINISTRATIVE RECORD DEMONSTRATES THAT THE ISSUES RAISED IN THE PETITIONS WERE MOOT AND THERE REMAINED NO LIVE, ACTUAL CONTROVERSY TO BE RESOLVED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

     IV.     ALJ GERTSMAN'S AWARD OF "STAY PUT" RELIEF DOES NOT RENDER PLAINTIFFS "PREVAILING PARTIES" ENTITLED TO AN AWARD OF ATTORNEY FEES OR COSTS . . . . . . . . . . . . . . . . . . . 14

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# **TABLE OF AUTHORITIES**

20 U.S.C. § 1415 .................................................................................................. 3, 5, 6, 15

20 U.S.C.A. Sec. 1415 ................................................................................................ 14

34 C.F.R. § 300.511 ..................................................................................................... 6

*Bd. of Educ. v. Illinois State Bd.*,
   41 F.3d 1162 (7th Cir. 1994) ................................................................................... 3

*In re Conroy*,
   190 N.J. Super. 453 (App. Div. 1983) ................................................................... 11

*In re Tenure Hearing of Mujica*,
   2006 WL 841844 ................................................................................................... 11

*J.L. v. Harrison Twp. Bd. of Educ.*,
   2014 WL 784692 ................................................................................................... 12

*John T. ex rel. Paul T. v. Delaware County Intermediate Unit*,
   318 F.3d 545 (3d Cir. 2003) .................................................................................. 14

*Jones v. Flowers*,
   547 U.S. 220 (2006) ................................................................................................ 6

*Loren F. v. Atlanta Indep. Sch. Sys.*,
   349 F.3d 1309 (11th Cir. 2003) ............................................................................... 4

*M.R. v. Ridley School District*,
   868 F.3d 218 (3d Cir. 2017) .................................................................................. 14

*P.N. v. Greco*,
   282 F.Supp.2d 221 (D.N.J. 2003) ............................................................................ 4

Rule 56.1 ....................................................................................................................... 2

*S.H. v. State-Operated School Dist. of City of Newark*,
   336 F.3d 260 (3rd Cir. 2003) ............................................................................... 3, 4

§300.511 .................................................................................................................... 15

**PRELIMINARY STATEMENT**

Plaintiffs F.V. & M.V., the parents of public school student B.V., filed a two count Complaint against the Cherry Hill Township Board of Education, which operates the Cherry Hill Township School District. Count One appealed from a Final Decision of a local hearing officer, Hon. Jacob S. Gertsman, A.L.J. ("ALJ Gertsman"), under the Individuals with Disabilities of Education Act ("IDEA"). Count Two sought damages and other relief under the New Jersey Law Against Discrimination ("NJLAD"). In June 2022 the Court granted Defendant's motion to dismiss Count Two. The District now moves for summary judgment on Count One.

B.V. is a student of Cherry Hill schools who is eligible for special education and related services. At a March 30, 2020 Eligibility Determination and Annual Review Meeting, the District proposed an Individualized Education Plan ("IEP") for B.V.'s kindergarten year, the 2020-2021 school year, that would have placed her in a self-contained classroom. Plaintiffs did not agree with this proposed placement and filed a request for due process that was transmitted to the New Jersey Office of Administrative Law ("OAL") for a hearing.

Following unsuccessful efforts to settle the case, the District nevertheless provided B.V. with the general education placement that her parents had requested. Specifically, B.V. was placed in a general education kindergarten classroom with a 1:1 aide as the petition had requested.

Notwithstanding ALJ Gertsman's initial declination to grant summary decision based on mootness, following a hearing the ALJ issued a Final Decision in favor of the

1

District on the basis that the District's voluntary provision of the relief requested in the petition rendered the petition moot. This appeal followed.

The "First Amended Verified Complaint" filed on September 24, 2021 appealed from the ALJ's Final Decision under the IDEA at Count One and attempted to assert discrimination and retaliation claims under the New Jersey Law Against Discrimination at Count Two. The Court has dismissed Count Two. As to Count One, because ALJ Gertsman correctly concluded in his Final Decision that the claims asserted in the May 9, 2020 petition and July 9, 2020 amended petition were moot, that decision should be upheld through summary judgment on Count One of the First Amended Verified Complaint.

## STATEMENT OF FACTS

The Defendant relies on its Local Rule 56.1 Statement of Facts.

**LEGAL ARGUMENT**

**POINT I**

**ALJ GERTSMAN'S RULING WAS CORRECT AND SHOULD BE UPHELD UNDER THE APPLICABLE "MODIFIED DE NOVO" STANDARD OF REVIEW**

A party aggrieved by an IDEA decision by a state educational agency has a right to bring a civil action in state or federal court. A reviewing court shall (i) receive the records of the below proceeding; (ii) hear additional evidence at the request of a party; and (iii) base its decision on a preponderance of the evidence. 20 U.S.C. § 1415(i)(2)(A); S.H. v. State-Operated School Dist. of City of Newark, 336 F.3d 260 (3rd Cir. 2003).

In S.H. the Third Circuit defined the "modified de novo" standard to be employed by a District Court sitting in review of the findings and conclusions of an Administrative Law Judge in a special education dispute:

> Under the IDEA, the reviewing court "is obliged to conduct a modified *de novo* review, giving 'due weight' to the underlying administrative proceedings." M.M. v. Sch. Dist. of Greenville County, 303 F.3d 523, 530-31 (4th Cir.2002) (citations omitted). Factual findings from the administrative proceedings are to be considered prima facie correct. Id. at 531. "[I]f a reviewing court fails to adhere to them, it is obliged to explain why. The court is not, however, to substitute its own notions of sound educational policy for those of local school authorities." Id. (citations omitted).

S.H., 336 F.3d at 269-270.

A district court does not use the substantial evidence standard typically applied in the review of administrative agency decisions, but instead must decide independently whether IDEA requirements have been met. Id. (quoting Murray v. Montrose County Sch. Dist., 51 F.3d 921, 927 (10th Cir. 1995)) and Bd. of Educ. v. Illinois State Bd., 41 F.3d 1162, 1167 (7th Cir. 1994)). A District Court gives "due weight" or a "modified de

3

novo" review to an administrative law judge's factual findings. See S.H., supra, 336 F.3d at 270.

Under this standard of review, a District Court makes findings of fact based on a preponderance of the evidence contained in the record, while giving some deference to the fact findings of the administrative proceedings. Id. (quoting Knable v. Bexley City Sch. Dist., 238 F.3d 755, 764 (6th Cir. 2001)). For questions of law, a District Court applies a de novo standard of review. See P.N. v. Greco, 282 F.Supp.2d 221, 235 (D.N.J. 2003) (citing L.M. ex rel. H.M. v. Evesham Twp. Bd. of Educ., 256 F.Supp.2d290, 295 (D.N.J. 2003)).

"Summary judgment [in IDEA cases] has been deemed appropriate even when facts are in dispute, and is based on a preponderance of the evidence." Loren F. v. Atlanta Indep. Sch. Sys., 349 F.3d 1309, 1313 (11th Cir. 2003) (citing Beth B. v. Van Clay, 282 F.3d 493, 496 n.2 (7th Cir. 2002)). Accordingly, a district court's decision "is perhaps better described as judgment on the record." Ibid.

In this case the parties have determined not to offer additional evidence and have agreed to rely solely on the administrative record. As such, this matter is ripe for summary determination.

**POINT II**

**THE ADMINISTRATIVE RECORD DEMONSTRATES THAT ALJ GERTSMAN'S RULING WAS CORRECT THAT THE ISSUES TO BE RESOLVED WERE THE ONES SOLELY IN THE PETITION AND AMENDED PETITION**

The District correctly argued the ALJ's authority in this proceeding was limited to resolution of the issues that were raised in the pleadings and transmitted to the OAL by the New Jersey Department of Education for adjudication on its behalf. An Administrative Court may not "receive, hear or consider any pleadings, motion papers, or documents of any kind relating to any matter until it has acquired jurisdiction over that matter." N.J.A.C. 1:1-3.2(a). Within the context of this case – as opposed to the subsequently filed petition which is the subject of the appeal filed by the Plaintiffs in U.S. District Court on July 3, 2022 (Civil Action No. 22- ) – the administrative tribunal did not have jurisdiction over plaintiffs' criticism of the manner in which B.V. was educated during the 2020-2021 school year. The petitions at issue in this case – the May 2020 petition filed by the plaintiffs on their own and the November 2020 petition filed by their attorney – sought a placement in a general education setting with a 1:1 aide and "stay put" continuation of the special education and related services previously set forth in the last agreed upon IEP. The District provided such relief voluntarily and memorialized it in an IEP. This voluntary action rendered both petitions moot; the pleadings before ALJ Gertsman raised no further issues. The jurisdiction of the OAL was defined by the claims raised and relief sought within a filing party's written request for due process. 20 U.S.C. § 1415(a); 20 U.S.C. § 1415(f)(3)(B); N.J.A.C. 6A:14-2.7.

The IDEA and its implementing regulations afford parents and school districts the right to request a due process hearing with respect to any matter relating to the

5

identification, evaluation, or educational placement of the child, or the provision of a FAPE to the child. 20 U.S.C. § 1415(b)(6) & (f); 34 C.F.R. § 300.511; N.J.A.C. 6A:14-2.7. A request for a due process hearing shall be filed within two years of the date the party knew, or should have known, about the alleged action that forms the basis for the due process petition. N.J.A.C. 6A:14-2.7(a)(1).

The filing party is required to provide sufficient notice to the respondent party and must state the specific issues in dispute, relevant facts, and the relief sought within the written request for due process. N.J.A.C. 6A:1402.7(c). Moreover - and particularly relevant to the dispute at hand - **the party requesting the due process hearing may not raise issues at the due process hearing that were not raised in the hearing request unless the other party agrees otherwise**. 20 U.S.C. § 1415(f)(3)(B). This statutorily and administratively codified rule flows logically from the constitutional definition of due process: notice and an opportunity to be heard. Jones v. Flowers, 547 U.S. 220, 235 (2006).

There was no ambiguity when the Office of Administrative Law acknowledged the parameters of the jurisdiction it acquired from the Department of Education and also confirmed the parties' understanding of the scope of the proceeding within its August 11, 2020 Prehearing Order:

> The hearing shall be limited to the issues raised in the pleadings. The due process petition raises the following issue: Petitioners obo student seek placement in an inclusion class with a 1:1 aide.

(**Exhibit D**)

On October 21, 2020, Court also allowed Petitioners to amend their petition to incorporate the following additional request for relief:

6

> The parents request that the District provide services based on [B.V.'s] stay-put 19-20 IEP, for both the ESY 2020 term, as well as the 2020-2021 term. The parents request the District provide make-up sessions for any services they failed to provide as required by the stay-put IEP.

(**Exhibit A**, p. 3)

Petitioners did not otherwise amend their Petition. Accordingly, and pursuant to its jurisdiction over special education hearings, the OAL in the context of the case did not have jurisdiction to address any additional claims and/or requests for relief that exceeded the scope of the issues set forth in the original petition and the amended petition. N.J.A.C. 1:1-3.2(a); N.J.A.C. 1:1-3.2(b).

Such additional claims and requests included the new claims and requests articulated in the new petition which the Petitioners filed on January 18, 2021 – which expressly alleged a deprivation of FAPE during the 2020-2021 school year, in part due to an alleged failure of the District to provide a 1:1 aide as required by the IEP that was created after both petitions in this case were filed. Within the context of that new case, of course, the District was afforded an opportunity to be heard and responded in the hearing that took place in May 2021. (See generally Complaint, Document 1, in F.V. and M.V. o/b/o B.V. v. Cherry Hill BOE Members et al, Civ. Action No. 22-4401.)

In the context of this case, a ruling on the alleged inadequacy of the 1:1 aide during the 2020-2021 school year would have exceeded ALJ Gertsman's jurisdiction and constitute a clear violation of the District's right to due process. As the parties were required to identify and describe the anticipated scope of their witnesses' testimony prior to commencement of the hearing, the District had no reason to present testimony from a past or present teacher of B.V. or the 1:1 aide herself because neither the petition nor the

7

amended petition asserted a claim relating to the aide beyond demanding a placement which included one.

Rather than moving to amend the pleadings in this action, the plaintiffs opted instead to file a new petition with new claims regarding the implementation of the 2020-2021 IEP. They received a full hearing on such claims, as demonstrated by the Final Decision from which the plaintiffs have appealed under Civil Action Number 22-4401. The only disputes raised by the parents in this case were resolved by the District before the hearing began. While the ALJ may have erred in declining to grant summary decision prior to the hearing, the evidence adduced in the hearing, even when viewed in the light most favorable to the plaintiffs, demonstrated that the issues in dispute became moot before the hearing had even commenced. As such, ALJ Gertsman ruled correctly and the Final Decision should be affirmed via summary judgment.

**POINT III**

**THE ADMINISTRATIVE RECORD DEMONSTRATES THAT THE ISSUES RAISED IN THE PETITIONS WERE MOOT AND THERE REMAINED NO LIVE, ACTUAL CONTROVERSY TO BE RESOLVED**

- **As to B.V.'s Educational Placement for the 2020-2021 School Year**

Plaintiffs' May 8, 2020 due process request demanded prospective relief by raising a singular issue: a disagreement over the placement recommended for B.V. for the 2020-2021 school year. On October 21, 2020, ALJ Gertsman permitted them to amend their initial due process request to include a request for relief regarding the duration and frequency of B.V.'s related services during the 2020-2021 school year. No additional allegations were incorporated within the amended petition, and plaintiffs did not otherwise request permission from the Board or the OAL to broaden the dispute further.

As for the relief sought in the second petition – "that the District provide services based on [B.V.'s] stay-put 19-20 IEP, for both the ESY 2020 term, as well as the 2020-2021 term" – the District provided related services in the same frequency and duration set forth in her 2019-2020 IEP. The demands in both petitions were satisfied.

- **As to the Two Outstanding Makeup Speech Sessions**

With respect to the demand for "make-up sessions for any services they failed to provide as required by the stay-put IEP," District staff offered speech make-up sessions to the petitioners on July 22, 2020 and on October 5, 2020. On both occasions the parents emailed in response that "our attorney is handling the issue of the make-up speech therapy sessions."

The record contained no evidence explaining why the parents referred District staff to their attorney in order to schedule a few make-up sessions. There was no

9

plausible explanation other than their attorney's desire to maintain the appearance of a live dispute so that the OAL would refuse to dismiss the claims as moot and would issue a Final Decision directing the District to provide the make-up sessions[1], after which Petitioners would claim "prevailing party" status in an effort to obtain an award of attorney fees.

Regardless of that likelihood, for purposes of a mootness analysis the motivation of the Petitioners and/or their attorney in delaying their receipt of the relief they demand did not matter. The District acknowledged in writing before the OAL even heard the emergent relief application that it owed the makeup sessions and offered them. The unexplained and inexplicable refusal to accept them did not a controversy make.

On July 16, 2020, the OAL ruled as follows:

> In the instant matter, it is not in dispute that respondent must provide services to B.V. based upon the 2019-2020 IEP. Notwithstanding this agreement, the parties have failed to resolve this matter, which undoubtedly could have been effectuated through greater communication, or by the scheduling of the required speech services by CHBOE. Unfortunately, neither has occurred. Therefore, as the record does not reflect whether the speech services have in fact been provided to B.V. for the ESY period that commenced on July 6, 2020, I **CONCLUDE** that CHBOE has not provided the services to B.V. as specified in the stay-put 2019-2020 IEP.

(Emergent Relief Decision)

In wording the Order in this fashion ALJ Gertsman appeared to assume that the District had the right to schedule makeup speech sessions unilaterally without regard to parental and student availability. Whether or not that was the case, this was not how Cherry Hill staff communicated with the parents of their special education students. The

---

[1] Plaintiff's counsel conceded on the final day of the hearing that only two speech sessions had been missed, though he had demanded a third to compensate for the gap. (T3-3:18:00–3:21:00)

10

speech therapist in Cherry Hill sought to work collegially with the parents to schedule the makeup sessions for a mutually agreeable date and time, the parents declined the offer and referred the District to their attorney, who the record demonstrated made no effort to facilitate the makeup sessions in the absence of settlement demands including payments of attorney fees. While the District continued to be willing to provide the additional speech sessions, its inability to do so on account of the conduct of the parents and their legal representative did not render the missed sessions a live controversy. In other words: an Order was not necessary to secure the speech makeup sessions; all the parents needed to do was accept what was offered and cooperate in its delivery.

- ■ **The Due Process Petition Should Have Been Dismissed Summarily as Moot Before the Hearing Began and Should Remain Dismissed as Moot Today**

It is well-settled law in New Jersey that cases that become moot prior to adjudication are no longer actionable. In re Tenure Hearing of Mujica, 2006 WL 841844, EDU 5184-01, Initial Decision (March 15, 2006), adopted, Comm'r (April 25, 2006). An action is considered moot when it no longer presents a justiciable controversy, and the conflict between the parties has become merely hypothetical. In re Conroy, 190 N.J. Super. 453, 458 (App. Div. 1983).

The doctrine of mootness has utility in the administrative setting, if no effective relief can be granted in a case. In re Tenure Hearing of Mujica, 2006 WL 841844, EDU 5184-01, Initial Decision (March 15, 2006), adopted, Comm'r (April 25, 2006). A matter becomes moot when "(1) it can be said with assurance that 'there is no reasonable expectation ...' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. at 309 2006).

11

In J.L. and K.D. o/b/o J.L. v. Harrison Twp. Bd. of Educ., 2014 WL 784692, EDS 13858-13 (January 28, 2014), Petitioners filed a due process petition wherein it was alleged that Respondent failed to provide their child with a free appropriate public education ("FAPE") by not providing certain services that that she needed in order to receive a meaningful educational benefit. The petition went on to set forth the relief requested, which included a different placement. Following the filing of the due process petition, Respondent voluntarily offered all the relief requested. Thereafter, Respondent sought dismissal on the basis that a controversy no longer existed.

The Court agreed, holding that "by voluntarily agreeing to provide all the relief specifically sought in the petition, there no longer exists a controversy upon which this court can rule." Accordingly, the petition was dismissed with prejudice.

Of course, courts will not dismiss a matter for mootness when the dispute is "capable of repetition, yet evading review," specifically when (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed.2d 350(1975)). In Steven R.F., 924 F.3d 1309, 1315 (10 34th Cir. 2019), the Tenth Circuit explained that "[t]he capable-of-repetition exception in the IDEA context looks at the likelihood that the specific IDEA violations alleged will be repeated." Id.

The moment the District committed to placing B.V. in a general education kindergarten classroom with a 1:1 aide and related services of the same type, frequency and duration as set forth in the prior IEP, the plaintiffs dispute with the District became

**incapable** of repetition, by operation of the very "stay put" principle that previously entitled them to the continuation of related services set forth in the 2019-2020 IEP.

There also existed no evidence that B.V. would be subjected to the same action again-recommendation of a self-contained setting for the 2020-2021 school year - as no individual other than the plaintiffs' attorney in his opening statement made the curious suggestion that the wishes of the parents and the recommendation of their expert should be ignored by returning B.V. to the very self-contained setting that the original petition sought to prevent.

For these reasons, the "capable of repetition, yet evading review" exception to the mootness doctrine did not apply. This case was moot when the District filed its motion to dismiss. It remained moot when ALJ Gertsman correctly dismissed it on June 17, 2021. As such, the Court should enter summary judgment in favor of the District upholding the Final Decision of the OAL and dismissing Count One of the "First Amended Verified Complaint."

**POINT IV**

**ALJ GERTSMAN'S AWARD OF "STAY PUT" RELIEF DOES NOT RENDER PLAINTIFFS "PREVAILING PARTIES" ENTITLED TO AN AWARD OF ATTORNEY FEES OR COSTS**

Paragraph 15 of the First Amended Verified Complaint asserts that "the Vs are prevailing parties on the 7/16/20 Final Order." The request for relief that follows seeks a declaration that the Plaintiffs are "prevailing parties" and an award of counsel fees and costs. (**Exhibit A**, Document 1-2, pp. 2-3)

With respect to ALJ Gertsman's Final Decision of June 2021, should the Court upon "modified de novo" review determine that the Plaintiffs are entitled to judgment awarding them some form of substantive relief, the Plaintiffs then would qualify as "prevailing parties" entitled to an award of fees and costs under the IDEA. See 20 U.S.C.A. Sec. 1415(i)(3)(B).

As to ALJ Gertsman's July 2020 "Final Decision on Emergent Relief," however, the law does not entitle parents to an award of attorney fees or costs as prevailing parties on account of the issuance of a "stay put" order. John T. ex rel. Paul T. v. Delaware County Intermediate Unit, 318 F.3d 545 (3d Cir. 2003); M.R. v. Ridley School District, 868 F.3d 218 (3d Cir. 2017). Further, even if this Court had discretion to declare parents "prevailing parties" and award attorney fees on account of a "stay put" order, such a declaration and award would not be warranted in this case, where the order itself noted the District's agreement that the last agreed-upon IEP governed and that B.V. simply required a single speech make-up session (Exhibit B, attachment at p. 5) – delivery of which the Plaintiffs affirmatively prevented on the inexplicable basis that they had hired an attorney. (Hearing Exhibits P-5, R-3; T2 at 13:21-18:22; T4 at 134:9-19)

**CONCLUSION**

This was a simple case that was complicated and delayed by the injection of an issue beyond the scope of the petition that initiated it and beyond the scope of the amended petition that supplemented it: the adequacy of 1:1 aide support for B.V. during the 2020-2021 school year. Implicitly acknowledging that the issue never belonged in this case in the first place - or at the very last hedging his bets - Petitioners' counsel in January 2021 filed a new petition which for the first time properly raised the adequacy of the 1:1 aide during the school year in a manner that afforded the District notice and an opportunity to be heard. That petition was not consolidated with the petitions defining this case; nor were its contents appropriately raised during the course of the hearing. It followed its own course, the parties received a full due process hearing and ALJ issued a Final Decision addressing the new claims in April 2022. Plaintiffs have appealed from the decisions of the Office of Administrative Law in that separate action in a federal lawsuit assigned Civil Action No. 22-4401 (KMW).

Just as the plaintiffs were entitled to a full due process hearing on that new dispute, so was the District entitled to a full due process hearing on that new dispute. The District did not and could not have received a fair hearing of that issue in this hearing because the petitions defining that case did not include it. As such, 20 U.S.C. § 1415(f)(3)(B); 34C.F.R §300.511(d), and N.J.A.C. 6A:1402.7(c) appropriately barred consideration of any issues outside the pleadings.

As for the disputes that **were** articulated in the petitions that were filed in the context of this case, the plaintiffs received all of the relief they demanded. As such, ALJ Gertsman correctly entered a Final Decision in favor of the District on the basis that the

15

claims articulated in the petitions were moot and were not capable of repetition in a manner that could evade judicial review.

      The Cherry Hill Township Board of Education therefore requests entry of summary judgment in favor of the District on Plaintiffs' sole remaining claim in this action, the IDEA appeal at Count One of the "First Amended Verified Complaint."

      Respectfully submitted,

**METHFESSEL & WERBEL, ESQS.**
Attorneys for Cherry Hill Township Board of Education

Eric L. Harrison

DATED: July 18, 2022

16